Downey, Judge,
delivered the opinion of the court.
The facts are found as stipulated and need not be repeated in detail. It is sufficient here to say that the plaintiff is a corporation engaged in mining and selling coal, having during the times here involved, a paid-up stock of $300,000 and a 6% bonded indebtedness of $250,000, on December 31, 1913, 1914, 1915, and 1916, and of $229,000 on December 31, 1917. Due to poor business it was not able to pay the interest on its bonds during 1913, 1914, 1915, .and 1916, but was prosperous during 1917, and paid not only the interest for that year but the accrued interest for the four preceding years. In making its tax return for 1917, which it did in March, 1918, it claimed a deduction, for the purpose of arriving at net profits, of all the interest so paid in that year, and on that basis there was levied on its income a- tax of $14,726.32, which it paid. Subsequently, upon an audit of its accounts by examiners of the Internal Revenue Bureau, it ivas concluded that its return for 1917 was erroneous, and it was required to make- an amended return eliminating credit claimed for interest to the amount of $67,187.50, paid in 1917, but accrued in the four preceding years, which it did under protest, and it was assessed an additional tax of $40,868.72 with interest. It made application for an abatement which was refused, and on July 13, 1921, under protest, set out in the findings, and under threat of summary proceedings for its collection, it paid said additional amount with interest, amounting in the aggregate to $44,138.61. It filed on July 21, 1921, an application for refund, set out in the findings, and that application not having been acted on by the Commissioner of Internal Revenue, so far as this claim is concerned, it commenced *490 this suit on May 21, 1923. A refund in July, 1922, on account of erroneous assessment does not affect the question for consideration.
That question is apparent. Did the plaintiff have a right, in making its tax return for 1917, to deduct from its gross income interest on its bonded indebtedness, accrued in each of the years 1913, 1914, 1915, and 1916, but paid in 1917. in arriving at its taxable net income ?
The question does not seem to us to present much of difficulty but there is strong contention adverse to plaintiff’s claimed right.
By reason of the fact that this suit was brought because the Commissioner of Internal Revenue had not acted on plaintiff’s claim for refund within the statutory period and not because he specifically rejected it, we have no statement from that bureau, in connection with the claim for refund, indicating its theory as to .plaintiff’s claimed rights and must go back, for an expression on the subject, to the rejection of plaintiff’s claim for an abatement, involving necessarily the same question, and, doing so, we find one theory announced by the Bureau of Internal Revenue and another and different one presented by the defense in this court, neither suggesting even the theory of the other.
In rejecting the claim for abatement the commissioner advised the plaintiff that “the interest accrued and paid [italics ours] during the year 1917 is the only portion,” etc., and the use of this language as applicable to the year 1917 suggests that consideration and comparison of other statutes with the one applicable to the year in question may be enlightening. It may be entirely true that the act with which we necessarily deal is not ambiguous and that therefore rules of construction need not be invoked, but the italicized phraseology of the commissioner becomes significant when we consider where, in the law, it is found and where not found, and we are hardly justified in determining the case solely on the theory here presented if the Bureau of Internal Revenue acts on another.
The revenue act of October 3, 1913, 38 Stat. 114 at 17.3, provides for the deduction, in the ascertaining of net income of corporations, of
*491 “The amount of interest accrued and paid [italics ours] within the year on its indebtedness to an amount of such indebtedness not exceeding one-half of the stun of its interest bearing indebtedness and its paid up capital stock outstanding at the close of the year.”
There can be no doubt that under this act there could be no interest deduction unless it both accrued and was paid during the year. It can not be conceived that Congress meant any thing else, or that it did not use both words advisedly.
But in the act of September 8, 1916, 39 Stat. 156 at 768, it is provided that the net income shall be ascertained by deducting from the gross income, among other things,
“The amount of interest paid within the year on its indebtedness to an amount of such indebtedness not in excess of the sum of (a) the entire amount of the paid up capital stock outstanding at the close of the year * * * and (b) one-half of the interest bearing indebtedness then outstanding.”
The phraseology used in dealing generalty with the subject indicates that the usual practice was followed in writing the latter act of using the former as a guide which serves simply to strengthen the conclusion that Congress deliberately and intentionally dropped out the words “accrued and ” and retained in the latter act the word “ paid ” only. The conclusion to be drawn from this modification is too apparent to require discussion.
The act of March 3, 1917, 39 Stat. 1000, made no change in the respect under consideration and the act of October 3, 1917, 40 Stat. 300 at 334, repeating the provision of the act of 1916 as to deductions, with some modifications, again used only the word “ paid ” and repeated the same limitation as to the amount of the indebtedness the interest on which might be deducted.
We have no interest, for the purpose of this case, in legislation further than that cited, but the disposition of Congress to consider and liberalize this matter of deductions, as it had done by the change above indicated, is further shown by the revenue act of 1918 (act of February 24, 1919, 40 Stat. 1057 at 1077), wherein deduction is authorized of *492 interest on indebtedness paid or accrued [italics ours] and the former limitation as to amount is omitted. The tendency is further indicated in the next succeeding act.
There seems room for no other conclusion than that under the revenue acts of 1916 and 1917 deduction was authorized of interest on indebtedness “ paid ” during the year whether accrued during that or preceeding years.
There remains the other contention, presented in this court, based on the limitation as to the amount of indebtedness, the interest on which may be deducted in arriving at net income. It was a provision which accomplished a purpose in that it imposed a limitation on corporations having a small capital stock but reaping excessive profits from the employment of borrowed capital in large and disproportionate amounts.
It is not contended that the deduction claimed by the plaintiff of interest accrued as well as paid during the year 1917 was not well within the limitation. It is' the theory, as we understand it, that the amount of interest paid by the plaintiff during 1917 and for which deduction was claimed, being the aggregate of the interest accrued during the years from 1913 to 1917, inclusive, was in excess of the limitation, and that is true if, under the circumstances, the deduction on account of interest paid during 1917, although largely accrued during preceding years, is to be limited by one computation at 6 per cent on one-half the indebtedness and the entire capital stock, although that theory is not so clearly expressed in defendant’s brief that we may feel sure of it.
Having recited the limitation provided in the applicable act it is said that as $229,000, the amount of plaintiff’s bonded indebtedness on December 31, 1917, was not in excess of the limitation, that is the amount upon which its interest deduction is to be computed, which, it is said, results in a sum which “is somewhat less than $81,977.50,” the latter sum at the prescribed rate of interest indicating “ an indebtedness of about $1,366,291.66, and such the plaintiff did not have.” Referring then to the acts of 1916 and 1917, it is said that “ it is thus seen that Congress has placed a limit upon the amount of indebtedness upon which the plaintiff corporation may be allowed an interest deduction from the *493 gross amount of its income for the taxable year 1917. Such being the law, the plaintiff’s contention that it was entitled to deduct from such income for the year 1917 the sum of $67,187.50 as interest accruing for the years 1913 to 1916, inclusive, is not well founded.” We have thus stated the defendant’s contention as set out in its brief that we may not, through misapprehension, summarize it wrongly.
The defendant, as stated, has not here suggested the question first discussed, but if we comprehend the effect of the contention above quoted, it is but ai-riving at the same conclusion by the traveling of a different route for it apparently, by virtue of the limitation provision, bars any claim in excess of 6 per cent, once computed, on the amount of the indebtedness, the equivalent m effect to a holding that there could be no deduction in excess of the interest accrued and paid that year'. But if the bar is to be erected, not upon the theory that paid during the year means accrued and paid but upon the theory of the limitation in the act, which is a limitation on the principal sum upon which interest may be computed as a measure of allowable deduction, the limitation is not determined by the amount of the indebtedness but by one-half of the indebtedness and the entire paid up capital stock, the sum of which is $414,500.00, and 6 per cent of which is $24,870.00, and plaintiff, being entitled to deduct interest paid up to that amount, would be entitled to a deduction of a part of the interest accrued previous to the year of payment but not all, a situation which could hardly have been contemplated.
If that is not the operation of the act by reason of the limitation and the conclusion we have reached as to the effect of the use of the word “ paid ” only, instead of “ accrued and paid” is correct, it must follow that plaintiff is entitled to deduction of the accruals of the years 1913 to 1916, inclusive, paid in 1917.
The whole trend of the legislation cited seems explainable only on the theory of such an intention on the part of Congress and it is to be worked out, within the provisions of the act, by the application of the limitation separately to the deduction claimed for each year', and, indicating the justice and fairness of this construction, it is to be said that it but pre *494 serves a right in the taxpayer without materially diminishing the revenue the Government would have received had circumstances permitted the exercise of the right each year, although it is, of course, to be added that whatever, if any, effect it may have on Government revenues can not impair any right the plaintiff had under the law.
The policy on the part of Congress to extend the time within which taxpayers might reclaim taxes paid has been frequently manifest and rights in that respect, once lost, have been restored by 'subsequent legislation. The policy later adopted, while not applicable as matter of law, is significant in that under it the plaintiff during its years of stress, would have been allowed each year to claim deduction on account of interest accrued although not then paid."
The more liberal and equitable policy, operating to put the less prosperous corporations on substantially the same basis as the more prosperous ones and first manifest in the Revenue Act of 1916 by the elimination of the words “ accrued and,” would be wholly nullified if this plaintiff were not permitted to deduct theretofore accrued interest paid in 1917. We have concluded that such is its right and have directed judgment accordingly.
Judgment for plaintiff in the sum of $36,996.75.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.